## Kassarich v. Girard Nationwide Plan, Inc.

*Michael H. Egnal*, for plaintiffs.
*Robert W. Maris*, for defendants.

BIUNNO, *J.*, March 26, 1981—This matter is presently back before this court on several motions filed on behalf of plaintiffs and defendants which seek either to enforce or to stay the final decree which the court issued on November 7, 1980.

Defendants have moved to stay the provisions of paragraphs two and five of the final decree which require the filing of certain accountings. Defendants also have requested that the court quash a subpoena duces tecum issued on January 2, 1981 allegedly pursuant to Pa.R.C.P. 3117.

Plaintiffs have moved for the delivery of the stock certificates ordered in paragraphs one and four of the final decree and have requested that defendant, Michael Donn, be cited for contempt for failure to provide the accountings referred to above.

A detailed account of the transactions between the parties can be found in the court's adjudication of July 3, 1980 and its opinion in support of its final decree of November 7, 1980, 16 D. & C. 3d 619 (1980). The pertinent facts regarding the present matters before the court can be summarized as follows.

The court's final decree, signed on November 7, 1980, was docketed on November 18, 1980. On November 24, 1980 defendants filed a notice of appeal and on December 3, 1980 plaintiffs filed a notice of appeal. On January 2, 1981 plaintiffs issued a subpoena duces tecum upon defendants for discovery pursuant to Pa.R.C.P. 3117 (enforcement of money judgments).

On January 28, 1981 defendants filed a supersedeas bond in the amount of $63,396 pursuant to Pa.R.A.P. 1735 to cover the money judgments

awarded to plaintiffs in paragraphs three and six of the court's final decree.

## I. Accountings and Petition for Contempt Citation

Pa.R.A.P. 1740 provides: "Unless otherwise ordered pursuant to this chapter the taking of an appeal from an order directing an accounting shall operate as a supersedeas of the order."

The reading of this rule would seem to provide clearly that the appeal taken automatically stays the accounting. However, plaintiffs cite the note which immediately follows Rule 1740 and which provides: "Note: This rule is based on act of June 24, 1895, (P.L. 243 No. 150). Ordinarily, this rule will be applicable only where an appeal has been permitted under Rule 312 (interlocutory appeals by permission). See note to Rule 311 (interlocutory appeals as of right)."

Plaintiffs argue that since the appeal in the present case is an appeal from a final decree, and since the note indicates that Rule 1740 is applicable only to appeals from interlocutory decrees, Rule 1740 is not applicable in the present situation and the appeal does not operate to automatically stay the accounting.

In this area this court is presented with a matter of initial impression because neither of the parties cited, and the court's own research could not reveal, any appellate court decisions interpreting Rule 1740.

The court, being faced with the contradiction presented by the black letter rule which clearly indicates that Rule 1740 is applicable in *all* cases where an accounting is ordered and the note which attempts to limit the application of the rule to solely

those situations where there is an interlocutory order for an accounting, *must* find in favor of the black letter rule.

Accordingly, solely because of the provisions of the rule itself and disregarding the note thereto, the court finds that in the present case, the defendants' appeal to the Superior Court automatically acts as a supersedeas of the orders entered upon the defendants to account to plaintiffs.

Since the accountings have been stayed by the appeal, the court is without power to cite defendant, Michael Donn, for contempt.

## II. Delivery of Stock

Plaintiffs' seek the enforcement of paragraphs one and four of the final decree which order that 500 shares of Girard Nationwide Plan, Inc. (G.N.P. Inc.), and 500 shares of Girard Nationwide Plan, Inc. of New Jersey (G.N.P. of New Jersey) be issued to plaintiffs.

As part of several attempts to resolve some of the outstanding issues while the appeal was pending, defendants issued the above mentioned shares of stock, but these shares were given into the custody of the court pending the resolution of the other outstanding issues.

Defendants argue that plaintiffs are not entitled to the stock of either G.N.P. Inc. or G.N.P. of New Jersey because they have not paid the full value of the stock. As to the stock of G.N.P. Inc., the court found in its adjudication and its opinion in support of its final decree that based on the evidence, the $500 tendered by plaintiffs was one half of the capitalization value of the corporation *and* that if the accounting ordered revealed a higher capitalization value, the additional costs would be assessed

against the plaintiffs. Since plaintiffs have tendered the $500 required at this time by the court there is no reason to deny them the possession of the G.N.P. Inc. stock.

As to the stock in G.N.P. Inc. of New Jersey, the option to purchase that stock does not require plaintiffs to tender any moneys for five years after the exercise of the option. Since no moneys are due defendants at the present time, plaintiffs by notifying defendants that they wanted to exercise their option have completed all that is required of them under the agreement and there is no reason to deny them the possession of their stock.

### III. Subpoena

Plaintiffs issued a subpoena duces tecum pursuant to Pa.R.C.P. 3117 as a means of discovery to enforce the money judgments that they were awarded pursuant to paragraphs three and six of the court's final decree. On January 18, 1981 defendants entered a supersedeas bond in an amount more than sufficient to cover these awards. Therefore, there is no need for the plaintiffs to discover where the various assets of defendants are during the pendency of the appeal. Moreover, the subpoena issued was burdensome in that it required the contents of at least six filing cabinets containing records which are necessary for the day to day operation of the corporation to be transferred to the offices of the attorney for plaintiffs. If these records were relevant and necessary at the present time, it would be sufficient for defendants to give plaintiffs access to them and the right to copy or photocopy them in defendant corporation's office.

Accordingly, the court enters the following

## ORDER

And now, March 26, 1981, it is hereby ordered and decreed that:

1. Defendants' motion for a stay of the accountings ordered by the court pending the disposition of the appeal of this matter is granted;

2. Plaintiffs' motion to cite defendant, Michael Donn, for contempt is denied;

3. The stock of G.N.P. Inc. and G.N.P. Inc. of New Jersey now in the possession of the court shall be delivered to plaintiffs. However, plaintiffs are enjoined from alienating or otherwise encumbering said stock pending the disposition of the appeal in this matter to the Superior Court.

4. Defendants' motion to quash the subpoena duces tecum issued on January 2, 1981 is granted.